UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Robert G. Bailey, | ) | Case No.: 0:13-cv-00196-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | COMPLAINT |
| | ) | (Jury Trial Requested) |
| Five Star Quality Care, Inc., | ) | |
| Nancy Brooks, Derrick Davino, | ) | |
| Kimberly Rice, Ted Turner, and | ) | |
| Daniel Crowley. | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the Plaintiff Robert G. Bailey in the above-entitled matter, through his attorneys, who submits the following Complaint against Five Star Quality Care, Inc., its employees Nancy Brooks, Derrick Davino, Kimberly Rice, and Ted Turner, and Daniel Crowley.

NATURE OF THE ACTION

This is an action for damages and redress for termination of employment in violation of certain federal statutes including Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq*. (Title VII).  Plaintiff also brings claims pursuant to the common law of South Carolina.

JURISDICTION

1. Federal jurisdiction of this Court is invoked pursuant to federal question jurisdiction, 28 U.S.C. § 1331.  Supplemental jurisdiction over the state law claims is brought pursuant to 28 U.S.C. § 1367.

2. Plaintiff is a citizen of the United States of America and resides in the County of Lancaster, South Carolina.

3. At all times relevant hereto, Plaintiff was employed by Defendant Five Star Quality

1

Care, Inc. in the County of Lancaster, South Carolina.

4. Upon information and belief, Defendant Nancy Brooks is a former Five Star Quality Care, Inc. employee currently or recently working and/or residing, in the state of South Carolina.

5. Upon information and belief, Defendant Five Star Quality Care, Inc. is a corporation incorporated under the laws of the United States in the state of Maryland with its principal place of business in the state of Massachusetts.

6. Upon information and belief, Defendants Derrick Davino, Kimberly Rice, and Ted Turner are Five Star Quality Care, Inc. employees currently or recently working and/or residing in the state of South Carolina.

7. Defendant Five Star Quality Care, Inc. regularly operates and does business in the County of Lancaster, South Carolina by and through its subsidiary, Morningside of Lancaster.

8. Upon information and belief, Defendant Five Star Quality Care, Inc. has continuously, and at all times relevant hereto, employed over 500 employees.

9. At all times relevant hereto, Defendants Nancy Brooks, Derrick Davino, Kimberly Rice, and Ted Turner were Defendant Five Star Quality Care, Inc.'s agents and employees. All acts alleged individually against them were done within the course and scope of their employment, and they acted with the knowledge and consent of Five Star Quality Care, Inc.

10. Upon information and belief, Defendant Daniel Crowley is a citizen of the United States residing in Lancaster, SC.

## ADMINISTRATIVE PROCEDURES

11. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC)

on or about March 26, 2012. Plaintiff filed this charge with the EEOC within the statutorily required time period since Defendants' illegal employment actions.

12. The EEOC issued Plaintiff a right-to-sue letter on or about October 26, 2012.

## FACTS

13. From around May 2009 to on or about September 26, 2011, Plaintiff was employed by Defendant Five Star Quality Care, Inc. (Five Star) at its facility, Morningside of Lancaster, as the maintenance director.

14. During this period, Plaintiff worked under Morningside's director, Defendant Nancy Brooks (Brooks).

15. Upon information and belief, Defendant Brooks had a reputation as a sexual predator at Morningside, harassing and sexually assaulting employees and patients alike.

16. Throughout Plaintiff's time working at Morningside, Defendant Brooks would tell jokes and make lewd, sexual comments that made Plaintiff's work environment very hostile.

17. On or about April 10, 2011, when taking a group photograph at K-mart, Defendant Brooks began touching Plaintiff's leg and running her hand up his inner thigh to his crotch. Plaintiff rejected this sexual advance and moved so that he would not be within her reach during the photographing session.

18. Beginning on or about April 10, 2011 until Plaintiff's termination on September 26, 2011, Defendant Brooks routinely harassed and sexually violated Plaintiff. These violations include such acts as:

   a. grabbing Plaintiff's crotch and phallus;
   b. grabbing Plaintiff's "butt";

  c. inappropriately touching Plaintiff's legs and inner thigh;

  d. intentionally making crude, vulgar, and sexual comments towards Plaintiff; and

  e. various other acts.

19. Plaintiff rebuffed all of Defendant Brooks' sexual advances and reported them to Morningside's upper management.

20. Plaintiff subsequently complained to Five Star Quality Care, Inc.'s regional manager, Defendant Derrick Davino. Davino ignored Plaintiff's complaints and took no actions to protect Plaintiff.

21. Because of Davino's inaction, Plaintiff complained to Defendant Kimberly Rice, another regional manager for Five Star Quality Care, Inc. Rice made the Morningside of Lancaster staff watch a sexual harassment video but took no other remedial or disciplinary measures towards Defendant Brooks.

22. Plaintiff subsequently complained to Defendant Ted Turner, Regional Manager. Upon information and belief, Turner took no steps to discipline Nancy Brooks which allowed her to continue to sexually harass other employees until she was terminated for cause.

23. Upon information and belief, Brooks' proclivity for sexual harassment was known, systemic, and chronic, but Five Star Quality Care, Inc. refused to discipline her because she was generating extensive profits for the company.

24. Following Plaintiff's complaints to Brooks' supervisors, the atmosphere turned even more hostile towards Plaintiff. During this time, Defendant Brooks continued both to harass Plaintiff and to retaliate against him for his complaints against her. Defendant Brooks changed Plaintiff's hours, required him to work on weekends, and then required Plaintiff to perform more and more job duties for which he was not qualified or trained,

including bathing Alzheimer's patients and changing adult diapers. Plaintiff was hired as a maintenance director and had no training or expertise in nursing or hospice care at all. Brooks also repeatedly abused Plaintiff verbally in front of residents and employees, calling him incompetent and other slurs.

25. Subsequently, on September 26, 2011, Brooks summarily discharged Plaintiff. He received no reason for the discharge.

26. Plaintiff applied for and received full unemployment benefits despite the fact that Five Star Quality Care, Inc. reported that Plaintiff was at fault. The Defendants' position was that Plaintiff was fired for calling Defendant Brooks a "liar and backstabber."

27. Upon information and belief, despite Five Star Quality Care, Inc.'s purportedly legitimate reason for terminating Plaintiff, Plaintiff received full unemployment benefits because of the suspicious nature of his termination.

28. Following Plaintiff's termination, Defendant Brooks' boyfriend, Defendant Daniel Crowley, has continued to defame and harass Plaintiff publically, telling customers at Crowley's car lot that Plaintiff "took Morningside for a fortune." This statement is flatly untrue as Plaintiff has received no judgment against or recovery from Morningside of Lancaster or Five Star Quality Care, Inc.

29. Upon information and belief, Regional Manager Ted Turner fired Nancy Brooks for unknown reasons on or about December 7, 2012.

### I.   FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANT FIVE STAR QUALITY CARE, INC
### SEX DISCRIMINATION / HOSTILE WORK ENVIRONMENT UNDER TITLE VII

30. Plaintiff incorporates paragraphs 1-29 as if repeated verbatim.

31. Defendant Five Star Quality Care, Inc. is an employer subject to Title VII, 42 U.S.C. §

2000e.

32. Plaintiff, Defendant Five Star's employee, was well qualified for his position and is protected from gender-related discrimination by Title VII, 42 U.S.C. § 2000e-2.

33. Upon information and belief, Plaintiff was subject to an objectively hostile work environment by and through the repeated and unwanted physical and verbal sexual advances levied towards him from his superior, Defendant Brooks, as detailed in this Complaint.

34. Plaintiff believed subjectively that this environment was hostile and abusive.

35. Upon information and belief, these instances of physical and emotional abuse created a work environment so hostile as to be actionable.

36. Upon information and belief, Defendant engaged in this discriminatory practice with malice or reckless indifference to Plaintiff's federally protected rights.

37. As a direct and proximate result of Defendant's discriminatory acts as stated above, Plaintiff was discharged and has been injured as stated above and below in Plaintiff's prayer for relief.

## II. FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT FIVE STAR QUALITY CARE, INC
## SEX DISCRIMINATION / RETALIATION UNDER TITLE VII

38. Plaintiff incorporates paragraphs 1-37 as if repeated verbatim.

39. Defendant Five Star Quality Care, Inc. is an employer subject to Title VII, 42 U.S.C. § 2000e-3(a).

40. Plaintiff, Defendant Five Star's employee, was well qualified for his position and is protected from gender-related discrimination by Title VII, 42 U.S.C. § 2000e-2.

41. Plaintiff reported Defendant Brooks' abusive and harassing sexual misconduct towards

him to upper management at Five Star Quality Care, Inc. — specifically Defendants Davino, Rice, and Turner.

42. Upon information and belief, because Plaintiff reported this harassment, Plaintiff was given worse working hours, required to perform tasks for which he was unqualified in order to demean him, and then ultimately discharged.

43. Defendants' alternative explanation, that Plaintiff was discharged for calling Defendant Brooks a "liar and backstabber" is a mere pretext, as supported by the other forms of continuing retaliation that Defendants levied against Plaintiff prior to his termination and other evidence.

44. As a direct and proximate result of Defendant's retaliatory acts as set out above, Plaintiff was discharged and has been injured as set forth above and below in Plaintiff's prayer for relief.

### III. FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANTS DERRICK DAVINO, KIMBERLY RICE, AND TED TURNER
### NEGLIGENT SUPERVISION / RETENTION

45. Plaintiff incorporates paragraphs 1-44 as if repeated verbatim.

46. Defendants owed Plaintiff a duty of care to provide reasonable supervision of their subordinates.

47. Defendants breached this duty of care by failing to supervise and by continuing to retain Defendant Brooks who intentionally and systematically harassed, embarrassed, and sexually assaulted Plaintiff in violation of his rights under federal law.

48. As a proximate and actual result of Defendants' negligence, Plaintiff was constructively discharged from Five Star Quality Care, Inc. and suffered damages as set forth above and below in the prayer for relief.

## IV. FOR A FOURTH CAUSE OF ACTION
## AGAINST DEFENDANT NANCY BROOKS
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

49. Plaintiff incorporates paragraphs 1-48 as if repeated verbatim.

50. Defendant Nancy Brooks intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such severe emotional distress would result from her repeated harassment, humiliation, and sexual assaults of Plaintiff.

51. Defendant Brooks' offensive conduct, including repeated and constant sexual harassment, physical groping, verbal abuse, and assigning work tasks designed solely to humiliate, demean, and punish Plaintiff, was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community.

52. The Defendant's actions caused damages to Plaintiff as set out above and below in his prayer for relief.

53. Upon information and belief, Defendant Brooks knew that her conduct was likely to cause Plaintiff severe emotional distress based upon the Plaintiff's rebukes, complaints, and the grossly inappropriate nature of her actions, such that Defendant Brooks' conduct was malicious or recklessly indifferent.

## V. FOR A FIFTH CAUSE OF ACTION
## AGAINST DEFENDANT FIVE STAR QUALITY CARE, INC. AND NANCY BROOKS
## DEFAMATION

54. Plaintiff incorporates paragraphs 1-53 as if repeated verbatim.

55. Upon information and belief, Defendant Nancy Brooks made false and harmful statements when describing Plaintiff to Plaintiff's co-workers, including statements impugning Plaintiff's personal and professional character.

56. Upon information and belief, Defendant impermissibly published these false, unprivileged statements to Plaintiff's peers and coworkers at Five Star Quality Care, Inc.

57. Upon information and belief, Defendant Brooks' accusations were unreasonable, unwarranted, and made in bad faith and with malice, either actual or implied.

58. Upon information and belief, these statements directly affected Plaintiff's standing in the community and his ability to find gainful employment in the Lancaster community.

59. Upon information and belief, as a direct and proximate result of Defendants' tortious acts, Plaintiff suffered harm to his private and professional reputations as well as to his future earning power.

60. Upon information and belief, Defendants made these statements intentionally, with reckless disregard to Plaintiff's rights.

## VI. FOR A SIXTH CAUSE OF ACTION
## AGAINST DEFENDANT DANIEL CROWLEY
## DEFAMATION

61. Plaintiff incorporates paragraphs 1-60 as if repeated verbatim.

62. Defendant Crowley made false and harmful statements when describing Plaintiff's discharge, including statements impugning Plaintiff's personal and professional character.

63. Upon information and belief, Crowley impermissibly published these false, unprivileged statements to the general public of Lancaster, SC by and through the soapbox of his car dealership.

64. Upon information and belief, Crowley's accusations were unreasonable, unwarranted, and made in bad faith with malice, either actual or implied.

65. Upon information and belief, these statements directly affected Plaintiff's standing in the

community and his ability to find gainful employment in the Lancaster community.

66. As a direct and proximate result of Defendants' tortious acts, Plaintiff suffered harm to his private and professional reputations as well as to his future earning power.

67. Upon information and belief, Defendant made these statements intentionally, with reckless disregard to Plaintiff's rights.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays for the following relief:

A. A trial by jury;

B. Back pay, including compensation for all lost wages, from the time of Plaintiff's resignation to the date of judgment;

C. All future wages lost as a result of Defendants' illicit conduct;

D. The lost value of Plaintiff's Blue Cross / Blue Shield insurance policy and compensation for medical expenses incurred due to the loss of Plaintiff's policy;

E. Compensation for any and all other physical, emotional, and/or medical problems Plaintiff suffered as a result of Defendants' tortious and discriminatory actions;

F. Compensatory damages including but not limited to all other expenses and damages suffered by Plaintiff which arose from the discrimination, abuse, and termination of Plaintiff;

G. General damages including but not limited to damages for emotional distress, damages to Plaintiff's reputation, and pain and suffering inflicted by Defendants' conduct;

H. Incidental damages that Plaintiff suffered as a result of Defendants' conduct;

I.  Pre-judgment and post-judgment interest;

J.  Punitive damages for Defendants' malicious and/or recklessly indifferent conduct towards Plaintiff;

K.  Double or treble damages, where appropriate;

L.  Reimbursement of all attorney's fees and costs to the extent allowed by law; and

M.  Any and all other relief which the court deems appropriate.

Respectfully submitted this 18th day of January, 2013,

JENNY HORNE LAW FIRM, LLC

s// Janet T. Butcher
Janet T. Butcher
U.S. District Court #: 1629

s// Jenny A. Horne
Jenny A. Horne
U.S. District Court #: 7048

Attorneys for Plaintiffs
107 South Main Street
Summerville, SC 29483
Telephone: 843-873-1721
Facsimile:  843-875-4696
Summerville, South Carolina