IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Robert G. Bailey, | ) | C/A No. 0:13-196-JFA-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Five Star Quality Care, Inc.; | ) | |
| Nancy Brooks; Kimberly Rice; | ) | |
| Ted Turner; Danny Crolley;[1] | ) | |
| and Derrick DeFino, | ) | |
| Defendants. | ) | |

The plaintiff, Robert G. Bailey ("Bailey"), filed this action alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.; as well as various state law claims against the defendants. The case arises out of Bailey's former employment with Morningside of Lancaster, a retirement home operated by Defendant Five Star Quality Care, Inc. ("Five Star"). Defendant Brooks was Bailey's supervisor and is alleged to have sexually harassed Bailey. Defendants Rice, Turner, and DeFino were co-workers of Bailey. Defendant Crolley is alleged to have defamed Bailey following his termination from Five Star.

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on motions to dismiss filed by Defendant

---

[1] The court observes that, according to this defendant's Local Rule 26.01 Answers to Interrogatories, Daniel Crowley's correct identification is "Danny Crolley." (See ECF No. 34 at 2.) Accordingly, the Clerk of Court is hereby directed to correct the caption in this matter to reflect the defendant's proper identification.

Page 1 of 9

PJG

Crolley (ECF No. 13), partial motion to dismiss[2] by Defendant Five Star (ECF No. 22), motion to dismiss by Defendants DeFino and Turner (ECF No. 27), and motion to dismiss by Defendant Brooks (ECF No. 29). Bailey filed responses to the defendants' motions (ECF Nos. 21, 32, 33, & 35, respectively), and the Defendants Crolley, Five Star, and Brooks replied (ECF Nos. 26, 36, & 37, respectively). Having reviewed the parties' submissions and the applicable law, the court finds that Defendant Five Star's motion should be granted in part and denied in part; the motion of Defendants DeFino and Turner should be granted; and the motions of Defendant Brooks and Crolley should be denied.

**DISCUSSION**

**A.     Motion to Dismiss Standards**

Dismissal under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by

---

[2] Plaintiff's first and second causes of action, which are Title VII claims against Defendant Five Star only, are not the subject of any pending motion and are unaffected by this recommendation.



undisputed facts plus the court's resolution of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Moreover, the United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Iqbal, 556 U.S. at 677-78; Twombly, 550 U.S. at 555. Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003).

PJG

### B. Bailey's Claims

#### 1. Negligent Supervision/Retention and Negligent Infliction of Emotional Distress Against Defendants DeFino, Turner, and Rice
(Plaintiff's Third Cause of Action)

Bailey concedes that his claims for negligent supervision/retention and negligent infliction of emotional distress fail as a matter of law because his exclusive remedy lies in the South Carolina Workers Compensation Act. (See Pl.'s Resp., ECF No. 33 at 2); see generally S.C. Code Ann. § 42-1-540 ("The rights and remedies granted by [the Workers Compensation Act] . . . shall exclude all other rights and remedies of such employee . . . as against his employer, at common law or otherwise, on account of [personal] injury, loss of service or death."); see also Dickert v. Metropolitan Life Ins. Co., 428 S.E.2d 700, 701 (S.C. 1993) (finding that the plaintiff's intentional infliction of emotional distress and negligence claims against his employer were barred by the Workers Compensation Act); Lasher v. Day & Zimmerman Int'l, Inc., 516 F. Supp. 2d 565, 587 (D.S.C. 2007) (same). This rule has also been applied to such claims when they are brought against other individual employees. See Edens v. Bellini, 597 S.E.2d 863, 868 (S.C. Ct. App. 2004). Because these claims are the only ones asserted against Defendants DeFino, Turner, and Rice,[3] those defendants are entitled to dismissal from this action.

---

[3] Defendant Rice is also entitled to dismissal for the independent reason that she was not served with process within the requisite time period. Although an individual named Kimberly Rice was served with process, the plaintiff indicates that this individual was an unrelated third party and not the Defendant Kimberly Rice named in this action. (ECF No. 12.) The plaintiff indicates that he has been unable to locate Defendant Rice, and it appears that she has not been served with process. (Id.) Accordingly, Bailey's claims against Rice would be subject to dismissal under Federal Rule of Civil Procedure 4(m) in any event.

PJG

### 2. Intentional Infliction of Emotional Distress Claim Against Brooks (Plaintiff's Fourth Cause of Action)

Bailey does not concede, however, that his claim for *intentional* infliction of emotional distress against Defendant Brooks is barred by the Workers Compensation Act. Rather, he argues, "it is against public policy to extend [Workers Compensation] immunity to the co-employee who commits an *intentional* tortious act upon another employee" and the Workers Compensation Act "may not be used as a shield for a co-employee's intentional injurious conduct." (Pl.'s Resp., ECF No. 35 at 3) (quoting Dickert, 428 S.E.2d at 702).

As noted above, the exclusivity provision of the Workers Compensation Act generally extends both to claims raised against the employer and claims against its employees. See Posey v. Proper Mold & Eng'g, Inc., 661 S.E.2d 395 (S.C. Ct. App. 2008); Edens, 597 S.E.2d at 868. South Carolina law holds that the Act precludes claims of intentional infliction of emotional distress against the *employer*, unless the plaintiff can show that the alleged bad actor is the alter ego of the employer. Dickert, 428 S.E.2d at 701 (citing Loges v. Mack Trucks, 417 S.E.2d 538 (S.C. 1992) and Stewart v. McLellan's Stores Co., 9 S.E.2d 35 (S.C. 1940)). But South Carolina law indicates that the exclusivity provision of the Act does not extend to claims alleging intentional torts directly against the alleged bad actor himself when the plaintiff alleges "deliberate or specific intent" to injure him. See Dickert, 428 S.E.2d at 702; Peay, 437 S.E.2d at 65-66 n.1. Bailey has alleged such intent here, so Brooks's motion to dismiss Bailey's claim for intentional infliction of emotional distress should be denied.

PJG

### 3. Defamation Claim Against Defendants Five Star and Brooks (Plaintiff's Fifth Cause of Action)

Defendants Five Star and Brooks have also moved to dismiss Bailey's Fifth Cause of Action for defamation on the ground that it is inadequately pled. The court disagrees, finding that the facts alleged in Bailey's Fifth Cause of Action state a plausible claim for relief against these defendants and meet the requisite pleading standard.

### 4. Defamation Claim Against Crolley (Plaintiff's Sixth Cause of Action)

Defendant Crolley has moved to dismiss Bailey's only claim against him—his Sixth Cause of Action for defamation—on two grounds: (1) lack of subject matter jurisdiction; and (2) inadequate pleading.

The asserted jurisdictional basis for Bailey's state law claim of defamation against Crolley is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Pertinent here, that statute permits a federal district court, when it has original jurisdiction in any civil action, to exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." § 1367(a). Courts have defined "same case or controversy" to mean that the purported supplemental jurisdiction claims and the original jurisdiction claims "stem from a common nucleus of operative fact." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 165 (1997). The United States Court of Appeals for the Fourth Circuit has found that the claims "need only revolve around a central fact pattern." White v. Cnty. of Newberry, 985 F.2d 168, 172 (4th Cir. 1993). "[Section] 1367(a) requires only that the jurisdiction-invoking claim and the supplemental

claim have some loose factual connection." 13D Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3567.1 (3d ed. 2008).

Here, the claims giving rise to the court's original jurisdiction are Bailey's Title VII claims against his employer, Five Star. Crolley's alleged defamatory statements were about Bailey's supposed success regarding those claims. (See Am. Compl. ¶ 28, ECF No. 7 at 5) (alleging that Crolley told customers at his car lot that Bailey "took Morningside for a fortune"); cf. E.E.O.C. v. Creative Playthings, Ltd., 375 F. Supp. 2d 427, 434 (E.D. Pa. 2005) (finding that where the defamation claim requires investigation of the alleged libelous and defamatory statements, which might overlap with the Title VII investigation, supplemental jurisdiction was proper). Accordingly, the court finds they stem from a common nucleus of operative fact and constitute part of the same case or controversy as Bailey's Title VII claims.

As for Crolley's second basis, the court finds, as it found with regard to Bailey's defamation claim against Five Star and Brooks, that Bailey has pled a plausible claim of defamation. Although Crolley's alleged defamatory statement, unlike Brooks's, would not constitute slander *per se* and would therefore require pleading of special damages, Bailey's allegations appear to satisfy this requirement. See Holtzscheiter v. Thompson Newspapers, Inc., 506 S.E.2d 497, 501-02 (S.C. 1998). Crolley's motion on this basis should therefore be denied.

**RECOMMENDATION**

For the foregoing reasons, the court recommends that Defendant Five Star's partial motion to dismiss (ECF No. 22) be granted in part (as to Plaintiff's Third Cause of Action) and denied in part (as to Plaintiff's Fifth Cause of Action); that Defendants DeFino's and Turner's motion to

Page 7 of 9

PJG

dismiss (ECF No. 27) be granted; and that Defendant Brooks's and Defendant Crolley's motions to dismiss (ECF Nos. 29 and 13) be denied.

*(signature)*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 30, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).