IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Robert G. Bailey,<br><br>              Plaintiff,<br><br>v.<br><br>Five Star Quality Care, Inc.; Nancy Brooks; Derrick Defino; Kimberly Rice; Ted Turner; and Danny Crolley,<br><br>              Defendants. | C/A No.:   0:13-cv-00196-JFA-PJG<br><br>ORDER |

### I. Introduction

Plaintiff Robert G. Bailey ("Plaintiff") brings the above-captioned case against his former employer, Five Star Quality Care, Inc. ("Five Star"), management and various supervisors at Five Star, and Danny Crolley—who is not an employee of Five Star. In his complaint, Plaintiff asserts violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, as well as various state law claims. This matter is before the court on: Five Star's partial motion to dismiss (ECF No. 22); Defendants Defino's and Turner's motion to dismiss (ECF No. 27); Defendant Crolley's motion to dismiss (ECF No. 13); and Defendant Brooks' motion to dismiss (ECF No. 29).

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she recommends that the court: grant in part and deny in part Five

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Star's motion; grant the motion of Defendants DeFino and Turner; deny the motion of Defendant Crolley; and deny the motion of Defendant Brooks. The Report and Recommendation sets forth the relevant facts and standards of law on this matter, and the court incorporates such herein by reference in its entirety.

All parties were advised of their right to file objections to the Report and Recommendation, which was entered on the docket on October 30, 2013. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law as to: Five Star's partial motion to dismiss (ECF No. 22); Defendant Defino's and Turner's motion to dismiss (ECF No. 27); and Defendant Crolley's motion to dismiss (ECF No. 13). Accordingly, the court adopts the Report and Recommendation in its entirety as to those motions.

For the reasons explained below, the court also finds that the Magistrate Judge fairly and accurately summarizes the facts and applies the correct principles of law as to Defendant Brooks' motion (ECF No. 29), the only party to file objections to the Report and Recommendation. No replies were filed.

## II. Brooks' Objections

Defendant Brooks objects to the Report and Recommendation on two grounds: (1) Defendant Brooks' conduct, as pleaded, was not sufficiently outrageous to constitute a cause of action for intentional infliction of emotional distress; and (2) the defamation claim against Brooks was not adequately pleaded.

    *i.  Intentional Infliction of Emotional Distress*

Defendant Brooks argues that, as a matter of law, her conduct, as pleaded, did not rise to the level of outrageousness required to succeed on an intentional infliction of emotional distress claim.  The court is aware that "the tort of intentional infliction of emotional distress requires an unusually high degree of damning evidence," but the court is convinced that the complaint in this case successfully pleads extreme and outrageous conduct.  *Levine v. Walterboro City Police Dep't*, 2:05-2906-18, 2006 WL 2228993 (D.S.C. Aug. 3, 2006).  Particularly damning is the allegation that Defendant Brooks "grabb[ed] Plaintiff's… phallus" in the workplace and without his consent.  Therefore, the court will allow Plaintiff's claim of intentional infliction of emotional distress against Defendant Brooks to proceed.

    *ii.  Defamation*

Defendant Brooks argues that Plaintiff has failed to meet the pleading standard with regard to his defamation claim against Defendant Brooks.  The court disagrees.  Defendant Brooks correctly points to the sentence that most directly alleges Plaintiff's defamation claim:

> Brooks also repeatedly abused Plaintiff verbally in front of residents and employees, calling him incompetent and voicing other slurs to him and about him.

ECF No 7, p. 5.  Under South Carolina law, defamation, in the form of slander, is "actionable *per se* … if it charges the plaintiff with … unfitness in one's business or profession." *Holtzscheiter v. Thomson Newspapers, Inc.*, 506 S.E.2d 497, 502 (S.C. 1998).  Plaintiff's complaint also alleges that Defendant Brooks' statements harmed Plaintiff's "private and professional reputations as well as [ ] his future earning power."  ECF No. 7, p. 9.  While the allegations of the complaint do not directly allege that Plaintiff is "unfit" professionally, the court finds that the allegations, taken as a whole, state a plausible defamation claim against Defendant Brooks.

3

**III. Conclusion**

The court grants Five Star's partial motion to dismiss (ECF No. 22) as to Plaintiff's third cause of action only. The court denies Five Star's partial motion to dismiss as to Plaintiff's fifth cause of action. The court grants the motion to dismiss of Defendant Defino and Defendant Turner (ECF No. 27). The court denies Defendant Brooks' motion to dismiss (ECF No. 29) in its entirety. The court denies Defendant Crolley's motion to dismiss (ECF No. 13) in its entirety. The file shall be returned to the Magistrate Judge for further processing.

IT IS SO ORDERED.

March 6, 2014  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

4